UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JANET PETERS and ED PETERS )
)
v. ) NO. 2:04-CV-55
)
MAYOR DALE FAIR, ET AL. )

# **O R D E R**

This deprivation of property dispute is before the Court to address three motions to dismiss filed by all the defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The plaintiff Janet Peters alleges that this Court has jurisdiction based upon 42 U.S.C. §§ 1983 and 1985(3) as well as pendant jurisdiction of her state law claims. The claims of the plaintiff Ed Peters are based soley on loss of consortium.

The plaintiff contends that all the defendants individually or jointly deprived her of her real property without due process of law by refusing to issue a proper deed to the plaintiff for the property that she had purchased at auction

through the Chancery Court of Carter County, Tennessee. In her response, the plaintiff specifically alleges that the Clerk and Master failed to carry out the court order issued in Civil Action No. 25401 on January 13, 2003 by Chancellor Richard Johnson.

## SECTION 1983

The elements of a Section 1983 action claiming a violation of procedural due process are set out by the Sixth Circuit in *Nunn v. Lynch,* 113 Fed.Appx. 55, 61, 2004 WL 2030289, *5 (6th Cir.(Tenn.)):

> The Supreme Court has held that the "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [state] postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533, 104 S.Ct. 3194. "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir.2004). Accordingly, in order to state a procedural due process claim under section 1983 <u>"the plaintiff must attack the state's corrective procedure as well as the substantive wrong</u>." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir.1991) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983)). A <u>plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress her due process violations</u>." *Jefferson*, 360 F.3d at 588. See also *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir.1988) ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate."). (emphasis added)

2

The plaintiff has failed to state a deprivation of due process claim because she has not alleged the inadequacy of state post-deprivation remedies. If an order issued by Chancellor Richard Johnson was violated, the plaintiff should seek relief from the Chancery Court of Carter County.

### SECTION 1985(3)

In *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005), the Sixth Circuit explains the elements of a Section 1985(3) claim:

> Section 1985(3) prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." 42 U.S.C. § 1985. To prevail on a § 1985(3) claim, one must prove " '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Vakilian v. Shaw, 335 F.3d 509, 518 (6th Cir.2003) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Moreover, the Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). (emphasis added)

In her complaint and responses to the motions to dismiss, the plaintiff has failed to allege any facts sufficient to establish a conspiracy claim under § 1985(3) because the plaintiff did not allege any class-based animus. Therefore, the

3

plaintiff has failed to state a claim under §1985(3).

## **CONCLUSION**

Based upon the foregoing reasons, it is hereby **ORDERED** that the defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) are **GRANTED**. [Docs. 31, 32, and 34], and the plaintiff's complaint in regard to her federal claims is **DISMISSED WITH PREJUDICE.**. The loss of consortium claims by the plaintiff Ed Peters in regard to these claims are also **DISMISSED**. The motion to dismiss filed by the defendants, Jim Wolz and Ken Farmer, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **MOOT**. [Doc. 33].

## **STATE LAW CLAIMS**

The Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal issues are dismissed before trial. *Gaff v. FDIC*, 814 F.2d 311, 319 (6th Cir.1987). The Court finds that there is no reason presented in this case to warrant a departure from that general rule, and that based upon "judicial economy, convenience. fairness, and comity," this Court should not exercise pendent jurisdiction of these claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, the Court declines to exercise

4

pendent jurisdiction of the plaintiff's state law claims, and it is hereby **ORDERED** that these state law claims are **DISMISSED WITHOUT PREJUDICE**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE